# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re EFFEXOR XR ANTITRUST LITIGATION<br><br>All Actions | : Lead Case No.<br>: Lead Case No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | 11-5479 (direct -class)<br>11-5661 (indirect - class)<br><br>11-7504 (direct - Meijer)<br>11-6985 (direct - Walgreen)<br>11-3523 (direct - Rite Aid)<br>11-3116 (direct - Giant)<br>11-5590 (indirect - Painters) |
|  | : | **ORDER** |

Plaintiffs in the above-captioned actions bring claims against Wyeth LLC and certain related entities (collectively, "Wyeth"), Teva Pharmaceuticals, USA and Teva Pharmaceuticals Industries Ltd. (together, "Teva") (Wyeth and Teva, "Defendants") alleging violations of federal antitrust law, state antitrust law and consumer protection statutes relating to Wyeth's pharmaceutical product Effexor XR, an encapsulated extended release version of the compound venlafaxine hydrochloride.  The complaints allege that Wyeth unlawfully monopolized and unreasonably restrained competition in the market for extended release venlafaxine hydrochloride by, among other things, listing allegedly fraudulently procured patents in the Orange Book, asserting these patents in a number of infringement suits that plaintiffs claim were without basis, and allegedly conspiring with generic manufacturer Teva to extend Wyeth's monopoly by entering into settlement agreements that plaintiffs alleged were improper reverse payment agreements.

On July 16, 2012, the Court of Appeals for the Third Circuit issued its decision in *In re K-Dur Antitrust Litigation*, 686 F.3d 197 (3d Cir. 2012) (hereinafter "*K-Dur*"), which

involved among other things, an antitrust challenge to a patent litigation settlement agreement between a brand-name pharmaceutical manufacturer and a generic manufacturer. With respect to reverse payment settlements, the Third Circuit in *K-Dur* created a circuit split by rejecting the "scope of the patent" test adopted by several other circuit courts, and held that "any payment from a patent holder to a generic patent challenger who agrees to delay entry into the market [is] *prima facie* evidence of an unreasonable restraint of trade," rebuttable "by showing that the payment (1) was for a purpose other than delayed entry or (2) offers some pro-competitive benefit." *Id.* at 218. Certiorari petitions with respect to the Third Circuit's decision have been filed, *see* Petition for Writ of Certiorari, *Merck & Co. v. La. Wholesale Drug Co.*, No. 12-245 (Aug. 24, 2012); Petition for Writ of Certiorari, *Upsher-Smith Labs. Inc. v. La. Wholesale Drug Co.*, No. 12-265 (Aug. 29, 2012), and presently before the Court is a motion by Wyeth and Teva to stay this matter pending resolution of the proceedings before the United States Supreme Court.

In support of their motion, Defendants argue that a stay of this matter favors the interests of judicial economy in that, given Plaintiffs' argument that the pending motions to dismiss must be denied under *K-Dur*, it will allow for the resolution of the legal uncertainties that exist in light of the circuit split and pending certiorari petitions. Defendants further assert that a Supreme Court decision in *K-Dur* will simplify consideration of and potentially eliminate Plaintiffs' claims under Section 1 of the Sherman Act.

Plaintiffs, on the other hand, oppose a stay. They argue that a stay is not warranted because a Supreme Court decision in *K-Dur* will not resolve all of Plaintiffs' claims and,

further, that Plaintiffs want their day in court before "[t]ime erases memories," witnesses become unavailable, and documents get misplaced.  Pl. Brf. at 16.

There is no dispute that a district court has "broad power to stay proceedings." *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. 11-11, 2011 WL 4056318 (D.N.J. 2011) (quoting *Bechtel Corp. v. Local 215 Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976)).  In determining whether to stay a matter, a court will consider "whether a stay will simplify issues and promote judicial economy, the balance of harm to the parties, and the length of the [ ] stay." *Id.* at * 2.  (alteration in original) (quoting *McDonald v. Novartis Pharms., Corp.*, No. 07–0655, 2007 WL 4191750, at * 1 (D.N.J. Nov.20, 2007)).

The Court has considered these factors and finds that a stay is appropriate at this time.  A stay will allow for the potential simplification the issues in this case and promote judicial economy, as a Supreme Court decision may clarify the standard that, according to Plaintiffs, governs their reverse payment theories of recovery.  Moreover, should the Supreme Court not grant the certiorari petition, the stay will be relatively short.  Should the Court grant the petition, however, a lengthier stay is justified.  While the Court appreciates Plaintiffs' desire for prompt resolution of their claims, Plaintiffs have not pointed to any alleged prejudice that the Court concludes outweighs the interests of judicial efficiency here.  Consequently,

 IT IS on this 23rd day of October 2011

ORDERED that Defendants' motion to stay is GRANTED; and it is further

ORDERED that the above-captioned actions are hereby STAYED pending the conclusion of the proceedings in the United States Supreme Court in *In re K-Dur Antitrust Litigation*; and it is further

ORDERED that this matter, and all pending motions, shall be ADMINISTRATIVELY TERMINATED by the Clerk, and it is further

ORDERED that, should the Supreme Court grant certiorari and, in doing so, limit the issues to be heard in such a way that a continued stay of this matter is no longer justified, either party may petition the Court to lift the stay at that time; and it is further

ORDERED that the parties shall notify the Court of the conclusion of the proceedings in the Supreme Court in *In re K-Dur Antitrust Litigation* with seven days of such conclusion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.