# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, and Southwest Corporate Federal Credit Union,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN SECURITIES LLC., J.P. MORGAN ACCEPTANCE CORPORATION I, AMERICAN HOME MORTGAGE ASSETS LLC, INDYMAC MBS, INC., and BOND SECURITIZATION, LLC,<br><br>Defendants. | Case No. 11-cv-2341 JWL/JPO |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Southwest Corporate Federal Credit Union, and of Members United Corporate Federal Credit Union,<br><br>Plaintiff,<br><br>v.<br><br>BEAR, STEARNS & CO., INC n/k/a J.P. MORGAN SECURITIES, LLC; STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC.; BEAR STEARNS ASSET BACKED SECURITIES I, LLC; and INDYMAC MBS, INC.<br><br>Defendants. | Case No. 12-cv-2781 JWL/JPO |

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union and Southwest Corporate Federal Credit Union, <br><br>  Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., as Successor-in-Interest to Washington Mutual Bank, WaMu Capital Corp., Long Beach Securities Corp., and WaMu Asset Acceptance Corp., WAMU CAPITAL CORP., LONG BEACH SECURITIES CORP., and WAMU ASSET ACCEPTANCE CORP. <br><br>  Defendants. | Case No. 13-cv-2012 JWL/JPO |

**THE BEAR, JPM AND WAMU DEFENDANTS' JOINT STATEMENT OF POSITION IN ADVANCE OF THE APRIL 29, 2013 STATUS CONFERENCE**

We write on behalf of the Bear Stearns, J.P. Morgan and Washington Mutual defendants in the following actions: <u>NCUA v. Bear, Stearns & Co., Inc.</u> (Case No. 12-cv-2781) ("<u>Bear</u>"); <u>NCUA v. J.P. Morgan Sec. LLC</u> (Case No. 11-cv-2341) ("<u>JPM</u>"); and <u>NCUA v. JPMorgan Chase Bank, N.A.</u> (Case No. 13-cv-2012) ("<u>WaMu</u>"). On April 18, 2013, the Court informed the parties that it will discuss at the April 29th status conference, among other things, "(3) the application to each case, including ways in which the case may be factually or legally distinguishable, of the Court's rulings set forth in its Memorandum and Order of April 8, 2013, in Case No. 12-2648". The Bear Stearns, J.P. Morgan and Washington Mutual defendants hereby submit their positions on that issue. The other issues raised by the Court in its April 18 Order are addressed in a separate submission filed by multiple defendants in the NCUA actions.

## I.    TIMELINESS OF CLAIMS.

    A.    <u>Application of the Court's Federal Credit Union Act, 12 U.S.C. § 1787(b)(14) ("Extender Statute") and Tolling Agreement Rulings.</u>

In its April 8, 2013 Memorandum and Order in Case No. 12-2648 ("<u>Credit Suisse</u>"), the Court: (i) confirmed that the date on which Plaintiff was appointed conservator of the liquidated credit unions on whose behalf it brings suit "must be used in applying the Extender Statute's three-year limitations period" (<u>Credit Suisse</u> Order at 25); (ii) held that "the Extender Statute evidences an intent to extinguish plaintiff's claim after lapse of the limitations period, and that period therefore may not be waived or extended by a tolling agreement" (<u>id.</u> at 22); and (iii) dismissed, as a result of its Extender Statute holding, Plaintiff's claims relating to purchases by Western Corporate Federal Credit Union ("WesCorp") and U.S. Central Federal Credit Union ("U.S. Central") as time-barred, except with respect to RMBS certificates for which Plaintiff asserted <u>American Pipe</u> tolling (<u>id.</u> at 27-28). In <u>Bear</u> and <u>WaMu</u>, the Court's Extender Statute rulings require dismissal of all claims relating to the certificates allegedly purchased by WesCorp

1

and U.S. Central for which Plaintiff does not assert American Pipe tolling. The particular claims that must be dismissed in Bear and WaMu are listed in (i) Bear, ECF No. 34-1 and (ii) WaMu, ECF No. 30-1. The Court's Extender Statute rulings have no effect on JPM.

B.     *American Pipe* Tolling.

The Court's American Pipe tolling rulings in Credit Suisse are legally and factually distinguishable from Bear, JPM, and WaMu on a number of grounds.

First, the Court ruled that a split of authority between the First and Second Circuits regarding standing "disposes of the argument that no reasonable class member could have relied [for the purposes of American Pipe tolling] on the filing of [certain] class actions". (Credit Suisse Order at 25-26.) However, with respect to Bear and WaMu, the named plaintiffs in a number of the allegedly tolling American Pipe class actions asserted standing based on a common registration statement, a position never accepted by any court, including the First and Second Circuits. No class member reasonably could have relied on a class action premised on a common registration statement to toll its claims because no court ever has adopted that position. As a result, claims relating to 11 additional certificates in WaMu[1] and 23 additional certificates in Bear[2] must be dismissed as time-barred under Credit Suisse.

Second, in WaMu, Plaintiff relies on several purportedly tolling class actions that were consolidated. By October 21, 2011, however, the court overseeing the consolidated cases had dismissed all claims relating to <u>all</u> the certificates now at issue in WaMu for which Plaintiff

---

[1] The 11 certificates in WaMu are identified in WaMu, ECF 30-7.

[2] The 23 certificates in Bear are: (i) Members United Corporate Federal Credit Union ("Members United") purchases in BALTA 2007-1 and BSMF 2006-AR4; (ii) Southwest Corporate Federal Credit Union ("Southwest") purchases in BALTA 2006-5, BALTA 2006-6, and BALTA 2006-7; and (iii) WesCorp purchases in BSMF 2006-AR2, BSMF 2006-AR3, BSMF 2007-AR1, BSMF 2007-AR3, SAMI 2006-AR4, and SAMI 2006-AR8. Federal claims relating to these certificates do not benefit from American Pipe tolling. Plaintiff does not assert that American Pipe tolls its state claims.

2

asserts American Pipe tolling.[3]  At that point, class plaintiffs "clearly lacked standing" with respect to the certificates at issue here (Credit Suisse Order at 19); indeed, the named plaintiffs no longer even purported to bring claims based on those certificates.  As a result, no class member, including Plaintiff, could have relied on that action to toll its claims.  The Extender Statute limitations period expired for all but one of the WaMu certificates for which Plaintiff asserts American Pipe tolling on March 20, 2012.[4]  Because Plaintiff cannot rely on American Pipe tolling for those certificates (because they already had been dismissed from the purportedly tolling class action), all claims as to those certificates are time barred under the rationale of the Court's Credit Suisse decision.

Third, the Court noted in the Credit Suisse Order that it could not determine "on the present record" whether American Pipe tolling applied to certain certificates where defendant "failed to support its argument that [ ] particular named class action plaintiffs did not purchase these certificates with the submission of any documents from which the Court could take judicial notice of those facts".  (Id. at 26 n.11.)  Defendants in Bear, JPM and WaMu have submitted documents from which the Court can take judicial notice (including complaints and certifications filed by class action plaintiffs) in support of their respective motions to dismiss.

Fourth, Plaintiff did "not assert[ ] American Pipe tolling with respect to its state-law claims" in Credit Suisse.  (Id. at 27.)  Although Plaintiff does not assert American Pipe tolling with respect to state-law claims in JPM and Bear, it does do so with respect to certain

---

[3] See Boilermakers Nat'l Annuity Trust v. WaMu Mortg. Pass-Through Certificates, Series AR1, No. C09-0037 (MJP) (W.D. Wash. Sept. 28, 2010) (granting in part defendants' motion to dismiss and dismissing certificates on standing or timeliness grounds); In re Washington Mutual Mortg.-Backed Sec. Litig., 276 F.R.D. 658 (W.D. Wash. 2011) (granting defendants' motion for judgment on the pleadings and dismissing certificates on standing grounds).

[4] The three-year extender period applicable to WMALT 2007-OC2 did not expire prior to the filing of the WaMu complaint.

3

state-law claims in WaMu. As explained by the defendants in WaMu, that is contrary to law. (See WaMu, ECF No. 21 at 29-30; WaMu, ECF No. 29 at 14-15.)

   C. Federal Claims Relating to Six Certificates at Issue in *JPM* Must be Dismissed As Time-Barred.

Given the Court's timeliness rulings in Credit Suisse, Plaintiff alleges no form of tolling that could save its federal claims asserted in JPM as to six certificates purchased by Members United and Southwest.[5] The Extender Statute does not operate to toll the claims: Plaintiff took Members United and Southwest into conservatorship on September 24, 2010, more than three years after Members United and Southwest purchased the six certificates. Further, Plaintiff does not allege that American Pipe tolling applies to any of the relevant claims. (See JPM Compl. at Tbl. 7.) Accordingly, the federal claims relating to these six certificates must be dismissed as time-barred by the applicable three-year repose period.

## II. JURISDICTION OVER CLAIMS AGAINST JPMORGAN CHASE BANK, N.A.

In WaMu, claims against JPMorgan Chase Bank, N.A. must be dismissed because Plaintiff failed to exhaust the mandatory claims review process administered by the FDIC.

## III. SUFFICIENCY OF ALLEGATIONS.

In JPM, Plaintiff makes no allegations relating to the underwriting performed by the originators of the loans underlying the JPMAC 2006-HE1 and JPMAC 2006-WMC3 trusts. Claims related to those trusts must be dismissed on that basis. (Credit Suisse Order at 30-31.)

---

[5] The claims relate to Southwest's purchases in the JPALT 2007-S1, JPMAC 2007-CH3 and JPMAC 2007-CH4 offerings (Counts 7 and 11) and Members United's purchases in the JPALT 2006-A3, JPMAC 2007-CH3 and JPMAC 2007-CH5 offerings (Counts 6 and 10).

4

Dated:  April 25, 2013                                    Respectfully submitted,


/s/ John W. Shaw
John W. Shaw (KS # 70091)
Thomas P. Schult (KS # 70463)
Jennifer B. Wieland (KS # 22444)
BERKOWITZ OLIVER WILLIAMS
  SHAW & EISENBRANDT LLP
2600 Grand Boulevard, Suite 1200
Kansas City, MO 64108
Tel: (816) 561-7007
Fax: (816) 561-1888
jshaw@berkowitzoliver.com
tschult@berkowitzoliver.com
jwieland@berkowitzoliver.com

*Of Counsel*

Michael A. Paskin (NY # 2767507)
mpaskin@cravath.com
J. Wesley Earnhardt (NY # 4331609)
wearnhardt@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000 (tel.)
(212) 474-3700 (fax)
*Counsel for Defendants J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, Bond Securitization, LLC, JPMorgan Chase Bank, N.A., WaMu Capital Corp., Long Beach Securities Corp., WaMu Asset Acceptance Corp., Bear, Stearns & Co., Inc. n/k/a J.P. Morgan Securities, LLC, Structured Asset Mortgage Investments II, Inc., and Bear Stearns Asset Backed Securities I, LLC*

## CERTIFICATE OF SERVICE

   I hereby certify that on the 25th day of April 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                /s/ John W. Shaw
               *Counsel for Defendants J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, Bond Securitization, LLC, Bear, Stearns & Co., Inc. n/k/a J.P. Morgan Securities, LLC, Structured Asset Mortgage Investments II, Inc., Bear Stearns Asset Backed Securities I, LLC, JPMorgan Chase Bank, N.A., WaMu Capital Corp., Long Beach Securities Corp., and WaMu Asset Acceptance Corp.*