# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, | ) ) ) ) | |
| Plaintiff, | ) ) | Case Nos. 11-cv-2340-JWL-JPO |
| v. | ) ) ) | |
| RBS SECURITIES, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union and Western Corporate Federal Credit Union, | ) ) ) ) ) ) | Case No. 11-cv-2649-JWL-JPO |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| WACHOVIA CAPITAL MARKETS LLC, | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, and Southwest Corporate Federal Credit Union, | ) ) ) ) ) ) ) | Case No. 11-cv-2341-JWL-JPO |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| J.P MORGAN SECURITIES LLC, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

NATIONAL CREDIT UNION )
ADMINISTRATION BOARD, as Liquidating )
Agent of U.S. Central Federal Credit Union, )
and of Western Corporate Federal Credit )
Union, )  Case No. 12-cv-2591-JWL-JPO
)
)
Plaintiff, )
)
)
v. )
)
)
UBS SECURITIES, LLC, *et al.*, )
)
)
Defendants. )
)
)
_____ )

NATIONAL CREDIT UNION )
ADMINISTRATION BOARD, as Liquidating )
Agent of U.S. Central Federal Credit Union )
and Western Corporate Federal Credit Union, )  Case No. 12-cv-2631-JWL-JPO
)
)
Plaintiff, )
)
)
v. )
)
)
BARCLAYS CAPITAL INC., *et al.* )
)
)
Defendants. )

NATIONAL CREDIT UNION )
ADMINISTRATION BOARD, as Liquidating )
Agent of U.S. Central Federal Credit Union, )
Western Corporate Federal Credit Union, and )  Case No. 12-cv-2648-JWL-JPO
Southwest Corporate Federal Credit Union, )
)
)
Plaintiff, )
)
)
v. )
)
)
CREDIT SUISSE SECURITIES (USA) LLC, )
*et al.*, )
)
)
Defendants. )

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Southwest Corporate Federal Credit Union, and Members United Corporate Federal Credit Union, | Case No. 12-cv-2781-JWL-JPO |
| Plaintiff, | |
| v. | |
| BEAR STEARNS & CO., INC., *et al.*, | |
| Defendants. | |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, and of Southwest Corporate Federal Credit Union, | Case No. 13-cv-2012-JWL-JPO |
| Plaintiff, | |
| v. | |
| J.P. MORGAN CHASE BANK, N.A., *et al.* | |
| Defendants. | |

**NCUA'S AMENDED STATEMENT REGARDING
THE COMBINED STATUS CONFERENCE**

As requested by the Court, Plaintiff National Credit Union Administration Board ("NCUA") submits this statement regarding (1) whether the cases should be consolidated for discovery or other purposes; (2) whether these cases should be stayed pending the Tenth Circuit's ruling on the interlocutory appeal in Case Nos. 11-2340 and 11-2649; (3) the application to each case of the Court's rulings set forth in its Memorandum and Order of April 8, 2013 ("April 8 Order"), in Case No. 12-2648; and (4) additional topics that NCUA seeks to discuss at the status conference.

## I.   The Cases Should Be Coordinated for Pretrial Proceedings

These cases should be coordinated for pretrial proceedings – for example, in establishing scheduling orders, trial dates, and discovery limitations.  *See* Manual for Complex Litigation (Fourth) § 20.11.  Because the cases share a number of common elements – especially as to discovery from the liquidated credit unions, such as depositions of their former employees – judicial economy warrants coordinated discovery and scheduling.  For example, the defendants should all share a certain number of depositions and interrogatory requests and NCUA should be limited to an equal number as to each defendant group, as Judge Cote has ordered in coordinated proceedings in the analogous *FHFA* litigation.  *See* Scheduling Order, *FHFA v. UBS Americas, Inc.*, No. 11-cv-5201, at 5 (S.D.N.Y. May 15, 2012) (ECF No. 75) (attached hereto as Ex. A);  June 13, 2012 Hearing Tr., *FHFA v. UBS Americas, Inc.*, No. 11-cv-5201, at 17:5-8 (S.D.N.Y. July 13, 2012) (ECF No. 119) (excerpt attached hereto as Ex. B).[1]

Consolidation under Federal Rule of Civil Procedure 42(a) is unwarranted.  Except for the *RBS* and *Wachovia* cases, which have already been consolidated,[2] the remaining six cases involve

---

[1] None of the *FHFA* defendants – which include all the defendants here – objected to coordination. *See* Defendants' Proposal for the Efficient and Convenient Handling of These Cases, *FHFA v. UBS Americas, Inc.*, No. 11-cv-5201 (S.D.N.Y. Oct. 19, 2011) (attached hereto as Ex. C) (suggesting means by which cases should be coordinated but not consolidated).

[2] Four of the five Certificates at issue in *Wachovia* were identical to those at issue in *RBS*.

more than 200 different RMBS certificates, and each case contains numerous unique certificates.[3] Because NCUA's claims require discovery of factual details regarding each RMBS certificate, the cases as a group lack sufficient common facts to justify Rule 42(a) consolidation.  NCUA respectfully requests separate trials in each of the cases.  *Accord* Hearing Tr., *FHFA v. UBS Americas*, No. 1:11-cv-5201, at 30:20-21 (S.D.N.Y. Dec. 2, 2011) (ECF No. 30) (excerpt attached hereto as Ex. D) ("Every case is being treated on its own merits.  This is not consolidated litigation.").

## II.    No Case Should Be Stayed Based on the Pending Interlocutory Appeal

As NCUA has explained, no stay should issue based on the Tenth Circuit's consideration of the interlocutory appeal in the *RBS* decision.  *See, e.g.*, NCUA Opp. to Motion for a Stay, *NCUA v. J.P. Morgan*, No. 11-cv-2341 (ECF No. 67).  The Tenth Circuit's ruling in the pending appeal will have no material effect on discovery in these cases.  The scope of discovery is defined primarily by the number of Certificates at issue in each case (not the number of claims per Certificate), and most of the Certificates at issue in these cases would survive regardless.[4]  Specifically, claims for the following number of Certificates would survive even if the Tenth Circuit reverses the district court's interpretation of § 1787(b)(14):  27 of 29 Certificates in *RBS*; 5 of 5 Certificates in *Wachovia*; 33 of 34 Certificates in *JP Morgan*; 22 of 22 Certificates in *UBS*; 9 of 12 Certificates in *Barclays*; 8 of 8 Certificates in *Credit Suisse*[5]; 75 of 83 Certificates in *Bear Stearns*; and 44 of 49 Certificates in *WaMu*.[6]

---

[3] 33 of 34 Certificates are unique in *J.P. Morgan*; 21of 22 Certificates are unique in *UBS*; 7 of 8 Certificates are unique in *Credit Suisse*; 9 of 12 Certificates are unique in *Barclays*; 79 of 83 Certificates are unique in *Bear Stearns*; and 47 of 49 are unique in *WaMu*.

[4] This is so because NCUA asserts state blue sky claims with longer limitations periods and/or *American Pipe* tolling of federal claims for most of the Certificates at issue in the eight cases, which independently establish the timeliness of NCUA's claims.

[5] This accounts for the Court's April 8 Order dismissing 12 of 20 Certificates from the *Credit Suisse* case.  Prior to that Order, 19 of 20 Certificates would have survived an adverse ruling regarding the Extender Statute.

III.    **The Effect of the Court's Order in *Credit Suisse***

A.    **Effectiveness of Tolling Agreements:**  In its April 8 Order in *Credit Suisse*, the Court held that the statute of limitations established by § 1787(b)(14) could not be tolled by agreement.  That ruling has no effect in three cases (*RBS*, *Wachovia*, *JP Morgan*).  It has a serious effect in *Credit Suisse*, where it results in the dismissal of 12 of 20 Certificates.  If adopted without any modification in other cases, it would also have a serious effect on the cases against *Barclays* (where it could result in the dismissal of all 12 Certificates), *WaMu* (dismissal of 28 of 49 Certificates, and possibly more), *Bear Stearns* (dismissal of 38 of 83 Certificates), and *UBS* (dismissal of 10 of 22 Certificates).

Other than Credit Suisse, no defendant timely raised this argument, though defendants have now made similar arguments in *Barclays*, *WaMu*, and *Bear Stearns*.   *See* Defendants' Motion to Amend Their Motion to Dismiss the Complaint, *NCUA v. Barclays Capital, Inc.*, No. 12-cv-2631 (D. Kan. Apr. 16, 2013) (ECF No. 36); Defendants' Reply Memorandum in Further Support of Motions to Dismiss the Complaint, *NCUA v. Washington Mutual*, No. 13-cv-2013 (D. Kan. Apr. 15, 2013) (ECF No. 29); Bear Defendants' Notice of Supplemental Authority in Support of Motion to Dismiss the Complaint, *NCUA v. Bear, Stearns & Co., Inc.* No. 12-cv-2781 (D. Kan. Apr. 15, 2013) (ECF No. 34). NCUA will file oppositions to these papers promptly.

If the Court adheres to the *Credit Suisse* ruling regarding tolling agreements and extends it without modification to the other cases, it will result in the dismissal of every claim in the *Barclays* case, which NCUA would appeal under 28 U.S.C. § 1291.  Because of the drastic effect the ruling would have if applied to the *UBS*, *WaMu* and *Bear Stearns* cases – as well as the continuing impact it

---

[6] As explained below, however, the Court's ruling in *Credit Suisse* as to the effect of the Tolling Agreements would have a significant effect on four cases (*UBS*, *Barclays*, *WaMu* and *Bear Stearns*), removing roughly half of the Certificates from these cases.  Because of the serious effect that ruling would have on the scope of discovery and trial, an appeal of *that* issue would justify a stay *of those four cases* pending the Tenth Circuit's review.

would have on NCUA and other federal agencies exercising their duties as conservator or liquidating agent – NCUA also would request certification under 28 U.S.C. § 1292(b) in these cases for the Tenth Circuit to consider in conjunction with the *Barclays* appeal.

      **B.**    **Other issues:** The April 8 Order in *Credit Suisse* affirmed the validity of NCUA's claims in almost all other respects.  It affirmed the timeliness of claims that did not depend on a tolling agreement, and rejected Defendants' arguments that the credit unions were on notice of these claims more than one or two years before the NCUA assumed conservatorship.

      The Order also affirmed the sufficiency of NCUA's allegations for each RMBS Certificate collateralized by loans from an originator for which NCUA pleaded specific allegations.  That ruling covers virtually all of the Certificates in these cases; only six lack such originator-specific allegations (two in *JP Morgan* and four in *RBS*).  As to the four Certificates in *RBS*, the Court must resolve the issue left open in Credit Suisse:  whether the Court agrees with Judge Rogers' ruling in the *RBS* case that the Loan-to-Value and owner-occupancy allegations are sufficient to plead claims regarding these Certificates.[7]

## IV.    Other Topics

      NCUA seeks to discuss the following additional topics at the status conference:  (1) whether the Court will permit oral argument on Defendant Barclays' motion to amend in Case No. 12-2631 (ECF No. 36) and related requests by other Defendants; and (2) whether the Court will entertain early briefing on the use of statistical sampling of the thousands of loans comprising the RMBS at issue in these cases.

---

[7] While the Complaint in *JP Morgan* lacked originator-specific allegations for two Certificates with loans originated by ResMae Mortgage Corp. and WMC, NCUA has pleaded allegations regarding these originators in subsequent complaints, and would request leave to amend the Complaint in *JP Morgan* to add such allegations if those two Certificates are dismissed.

Dated:  April 26, 2013            Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

By:     <u>/s/ Norman E. Siegel</u>
          Norman E. Siegel (D. Kan. # 70354)
          Rachel E. Schwartz (Kan. # 21782)
          460 Nichols Road, Suite 200
          Kansas City, Missouri 64112
          Tel:  816-714-7100
          Fax:  816-714-7101
          siegel@stuevesiegel.com
          schwartz@stuevesiegel.com

          George A. Zelcs, *pro hac vice*
          KOREIN TILLERY LLC
          205 North Michigan Avenue, Suite 1950
          Chicago, Illinois 60601
          Tel:  312-641-9750
          Fax:  312-641-9751
          GZelcs@koreintillery.com

          David C. Frederick, *pro hac vice*
          Mark C. Hansen, *pro hac vice*
          Wan J. Kim, *pro hac vice*
          KELLOGG, HUBER, HANSEN, TODD,
            EVANS & FIGEL, P.L.L.C.
          1615 M Street, N.W., Suite 400
          Washington, D.C. 20036
          Tel:  202-326-7900
          Fax:  202-326-7999
          dfrederick@khhte.com
          mhansen@khhte.com
          wkim@khhte.com

          *Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

     The undersigned hereby certifies that on April 26, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

                        /s/ Norman E. Siegel
                        Counsel for Plaintiff