# Exhibit D

1c2QfhaC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   --------------------------------x
    IN RE:
3   FEDERAL HOUSING FINANCE AGENCY          11 CV 5201 (DLC)

4   --------------------------------x
    Also Docket Nos.
5   11 CV 6188, 11 CV 6189, 11 CV 6190,
    11 CV 6192, 11 CV 6193, 11 CV 6195,
6   11 CV 6196, 11 CV 6198, 11 CV 6200,
    11 CV 6201, 11 CV 6202, 11 CV 6203,
7   11 CV 6739, 11 CV 6916, 11 CV 7010,
    11 CV 7048
8   --------------------------------x

9   VNB REALTY,
                   Plaintiff,              11 CV 6805
10            v.
    Bank of America, et al.
11                 Defendants.

12  --------------------------------x

13                                         New York, NY

14                                         December 2, 2011
                                           2:00 p.m.
15
    Before:
16
                      HON. DENISE L. COTE,
17
                                           District Judge
18

19

20

21

22

23

24

25

                SOUTHERN DISTRICT REPORTERS, P.C.
                       (212) 805-0300

1c2QfhaC

1    this, your Honor -- and this will be helpful to us when we

2    confer amongst ourselves, and I'm sure when the defendants

3    do -- but I am assuming that it is not the case that a decision

4    on a complaint that's common will end up necessarily to be

5    binding as to all other matters.

6              This is, I take it, your Honor, for the Court's

7    edification on issues that might deem to be common, but there

8    are many, many different issues in all of these complaints

9    including ones that would differ with respect to almost all of

10   the claims.  So, while some of the issues certainly are common

11   and some of the legal argument will be common, there are so

12   many factual disparities and the like that the Court isn't

13   suggesting, I assume, that there will be a binding effect to

14   the motion on the first complaint.

15             THE COURT:  No, that is absolutely correct.  Thank you

16   so much, Mr. Kasowitz for raising that issue.  It's an

17   important thing for us to all -- for me to articulate my

18   understanding of the impact of the decision on the motion to

19   dismiss in 5201.

20             Every case is being treated on its own merits.  This

21   is not consolidated litigation.  So I will do my best to

22   address any motion to dismiss that is made in 5201.  The

23   complaint will survive or it won't.  If it survives, I plan --

24   right now, I am going to be a lot wiser after I address this

25   motion practice, but the presumption would be that discovery

Case 2:12-cv-02781-JWL-JPO   Document 39-5   Filed 04/26/13   Page 4 of 4
Case 1:11-cv-05201-DLC   Document 30   Filed 12/07/11   Page 31 of 61

31
1c2QfhaC

1   will go forward in all cases, at least document discovery and

2   at least core document discovery, and we are about to get to

3   the discovery issue in a moment.

4           But there would be a right to bring other motions to

5   dismiss in the other actions or no motion to dismiss an answer,

6   but in bringing a motion to dismiss and I've denied the

7   argument that you're about to make in addressing the same issue

8   in 5201, I plan probably to just adopt my reasoning in 5201.

9           Again, the only exception that I am thinking about

10  now, and I will be much wiser after I have the full briefing on

11  that first motion to dismiss, is whether or not if some other

12  case has a terrific statute of limitations argument that has

13  not been captured by the 5201 briefing, whether or not I should

14  stay discovery in that particular action because of its unique

15  statute of limitations argument.

16          So does that answer your question Mr. Kasowitz?

17          MR. KASOWITZ:  It does, your Honor.  Thank you.

18          THE COURT:  Meanwhile, I would be resolving the remand

19  motions as promptly as I could.

20          So I think just to summarize where we are again -- you

21  can revisit this after you have your joint meeting -- but there

22  is only going to be one motion to dismiss.  It's going to be in

23  5201.  We are not going to have a motion to dismiss in 6188.

24  There is nothing to be gained by it at this initial phase.

25          And we move on now to discovery.  Let me talk about